Jerrold R. McDowell, Esq.
45 Essex Street
Hackensack, New Jersey 07601
201/646-1616
Attorney for Debtor

In re: ALLEN GEORGE

Debtor.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Case No. 04-12425 MS**

**CHAPTER 13**

**SUMMARY OF SCHEDULES**

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amount from Schedules A and B to determine the total amount of the debtor's assets. Add the amount from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Yes/No | Attached No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A – Real Property | Y | 1 | 305,000.00 | | |
| B – Personal Property | Y | 1 | 8,400.00 | | |
| C – Property Claimed as Exempt | Y | 1 | | | 8,400.00 |
| D – Creditors Holding Secured Non-Priority Claims | Y | | | 333,000.00 | |
| E – Creditors Holding Unsecured Priority Claims | Y | 1 | | 1,500.00 | |
| F – Creditors Holding Unsecured Nonpriority Claims | Y | 1 | | 316,593.71 | |
| G – Executory contracts and Unexpired Leases | Y | 1 | | | |
| H – Codebtors | Y | | | | |
| I – Current Income of Debtor(s) | Y | 1 | | | 4,750.00 |
| J – Current Expenditures of Debtor(s) | Y | 1 | | | 4,265.00 |
| Total Number of Sheets of ALL Schedules | | 8 | | | |
| | | Total Assets | 313,400.00 | | |
| | | Total Liabilities | | 651,093.71 | |

In re:  **ALLEN GEORGE,**                                              **Case No.  04-12425 MS**

        **Debtor.**

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | H, W, J or C | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 74 Spring Lane Englewood, NJ | Fee Simple | | $305,000.00 | 333,000.00 |

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | H,W,J or C | Market Value |
|---|---|---|---|---|
| 1. Cash on hand. | | On person | | 200.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | None | | | |
| 3. Security deposits with public utilities, telephone companies, landlords and others. | None | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | Household goods, furniture, furnishings & appliances | | 2,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | None | | | |
| 6. Wearing apparel. | | On person and at residence; clothing | | 200.00 |
| 7. Furs and jewelry. | None | | | |
| 8. Firearms and sports, photographic and other hobby equipment. | None | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | None | | | |
| 10. Annuities.  Itemize and name each issuer. | None | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | None | | | |

| | | |
|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | None | |
| 13. Interest in partnerships or joint ventures. Itemize. | None | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | None | |
| 15. Accounts receivable. | None | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | None | |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | None | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | None | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefits plan, life insurance policy, or trust. | None | |
| 20. Other contingent and unliquidated claims of every nature including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | None | |
| 21.  Patents, copyrights, and other intellectual property. Give particulars. | Copyrights | 5,000.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | None | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | None | |
| 24. Boats, motors and accessories. | None | |
| 25. Aircraft and accessories. | None | |
| 26. Office equipment, furnishings and supplies. | None | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | None | |
| 28. Inventory. | None | |
| 29. Animals. | None | |
| 30. Crops - growing or harvested.  Give particulars. | None | |
| 31. Farming equipment and implements. | None | |
| 32. Farm supplies, chemicals and feed. | None | |
| 33. Other personal property of any kind not already listed.  Itemize. | None | |

Total >        8,400.00

**In re:  ALLEN GEORGE,**                                                 **Case No.  04-12425 MS**

      **Debtor.**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one).
_X_ 11 U.S.C. §522(b)(1): Exemptions provided in 11 U.S.C. §522(d).  Note: these exemptions are available only in certain states.
____ 11 U.S.C. §522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| 74 Spring Lane Englewood, NJ | 522(d)(1) | 1,000.00 | 305,000.00 |
| Cash | 522(d)(5) | 200.00 | 200.00 |
| Household goods, furniture & appliances | 522(d)(3) | 2,000.00 | 2,000.00 |
| Wearing apparel | 522(d)(3) | 200.00 | 200.00 |
| Copyrights | 522(d)(5) | 5,000.00 | 5,000.00 |
| | Total> | 8,400.00 | 312,400.00 |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Creditor's Name and Mailing Address, including Zip Code | Co-Debt | H W J C | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | C U D | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion |
|---|---|---|---|---|---|---|
| Green Tree Mortgage 7630 South Kyrenerd Tempe, AZ 85253 | | | 1st mortgage, 74 Spring Lane, Englewood, NJ  VALUE $305,000.00 | | 260,000.00 | |
| G. Wynn & Associates Eastern American Mortgage Co. 67 Main Street Hackensack, NJ 07601 | | | 2nd mortgage, 74 Spring Lane, Englewood, NJ  VALUE $305,000.00 | | 20,000.00 | |
| City of Englewood Attn: Tax Collector P.O. Box 228 Englewood, NJ 07631 | | | Real Estate taxes, 74 Spring Lane, Englewood, NJ  VALUE $305,000.00 | | 24,000.00 | |
| Quanita Perry P.O. Box 816 Bronx, NY 10467 | | | 3rd mortgage, 74 Spring Lane, Englewood, NJ  VALUE $305,000.00 | | 29,000.00 | |
| | | | | Total > | 333,000.00 | |

In re:  ALLEN GEORGE,                                    Case No.  04-12425 MS

          Debtor.

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

__ Check if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS (Check the appropriate space below if claims in that category are listed on the attached sheets.**

___ Extensions of credit in an involuntary case
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. §507(a)(2).

___ Wages, salaries and commissions
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurs first, to the extent provided in 11 U.S.C. §507(a)(3).

___ Contributions to employee benefit plans
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507(a)(4).

___ Certain farmers and fishermen
    Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(5).

___ Deposits by individuals
    Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. §507(a)(6).

_X_ Taxes and certain other debts owed to governmental units
    Taxes, customs duties, and penalties owing to federal, state, and local governmental units asset forth in 11 U.S.C. §507(a)(7).

| Creditor's Name and Mailing Address,  including Zip Code | Co-Debt | H W J C | Date Claim was Incurred and Consideration for Claim | C U D | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|
| Internal Revenue Service 55 S. Springfield Avenue P.O. Box 744 Springfield, NJ 07081-0744 | | | 2000 & 2001; 1040 | | 1,500.00 | 1,500.00 |

In re:  **ALLEN GEORGE,**                                              **Case No.  04-12425 MS**

       **Debtor.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's Name and Mailing Address, including Zip Code | Co-Debt | H W J C | Date Claim was Incurred and Consideration for Claim.  If Claim is Subject to Setoff, so state. | C U D | Amount of Claim |
|---|---|---|---|---|---|
| N.J. Family Support Payment Center<br>Trenton, NJ 08650-4880 | | | Child Support | | 5,355.00 |
| Terminal Marketing Co.<br>151 N. Main Street<br>New City, NY 10956 | | | Guaranty of lease agreement | D | 167,000.00 |
| ULM Holding Corp.<br>1776 Broadway #2000<br>New York, NY 10019 | | | Rent | D | 85,000.00 |
| Rockrose Del Corp.<br>290 Park Avenue South<br>New York, NY 10010 | | | Rent | | 20,184.04 |
| Con Edison<br>Attn: Mitchell Kay<br>7 Penn Plaza<br>New York, NY 10001–3995 | | | Utilities | | 3,118.67 |
| Englewood Hospital<br>350 Engle Street<br>Englewood, NJ 07631 | | | Medical services | | 1,036.00 |
| Jerome Ade<br>250 West 57th Street<br>New York, NY 10019 | | | Loan | | 26,000.00 |
| Weeks, Hulderman, Huber & DeGea<br>1011 US Highway 22<br>Bridgewater, NJ 08807 | | | Accounting Services | | 400.00 |
| Denise Allen & Robert Akquerye<br>c/o Timothy Tuttle, Esq.<br>1295 Teaneck Road<br>Teaneck, NJ 07666 | | | Rent | | 8,500.00 |
| | | | Total this page | | 316,593.71 |

In re:  **ALLEN GEORGE,**                                    **Case No.  04-12425 MS**

          **Debtor.**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

__X__ Check if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of any Government Contract. |
|---|---|
| | |

## SCHEDULE H - CODEBTORS

__X__ Check if debtor has no codebtor.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

**In re:  ALLEN GEORGE,**                                    **Case No.  04-12425 MS**

           **Debtor.**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cased filed by joint debtors and by a married debtor in a Chapter 12 or 13 case
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status | Dependents of Debtor and Spouse Names | Age | Relationship |
|---|---|---|---|
| Single | Robert George | 15 | Son |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | Building Contractor | |
| Name of Employer | Self-employed | |
| How Long Employed | 4 years | |
| Address of Employer | 74 Spring Lane Englewood, NJ | |

| INCOME: (estimate of average monthly income) | Debtor | Spouse |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly): | 2,500.00 | |
| Estimate monthly overtime | | |
| SUBTOTAL | 2,500.00 | |
|    LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | | |
|     b. Insurance | | |
|     c. Union dues | | |
|     d. Other (specify) | | |
|    SUBTOTAL OF PAYROLL DEDUCTIONS | | |
| TOTAL OF MONTHLY TAKE HOME PAY | 2,500.00 | |
| Regular income from operation of business or profession or farm (attached detailed statement) | | |
| Income from real property | 1,650.00 | |
| Interest and dividends | | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | |
| Social security or other government assistance (specify) | | |
| Pension or retirement income | | |
| Other monthly income (specify) – Music consulting | 600.00 | |
| TOTAL MONTHLY INCOME | | |
| TOTAL COMBINED MONTHLY INCOME | | |
| | 4,750.00 | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the
filing of this document.

In re:  **ALLEN GEORGE,**                                    **Case No.  04-12425 MS**

        **Debtor.**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimated the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

___ Check if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "spouse".

Rent or home mortgage payment (include lot rented for mobile home)           $2,100.00

Are real estate taxes included? __X__ Yes      ____ No     Is property insurance included? ___Yes     __X_ No

| | |
|---|---|
| Utilities:  Electricity and heating fuel | $550.00 |
|      Water and sewer | $37.00 |
|      Telephone | $90.00 |
|      Cable | $80.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | $600.00 |

Installment payments: (In Chapter 12 and 13 cases, do not list payments to be included in the plan)
       Auto

       Other                                                                                  $
Alimony, maintenance, and support paid to others                                        $
Payments for support of additional dependents not living at your home         $
Regular expenses from operation of business, profession, or farm (attached detailed
statement)                                                                                      $

Other
       Food                                                                                  $400.00
       Clothing                                                                          $50.00
       Transportation                                                               $100.00
       Homeowner's Insurance                                                $158.00
       Miscellaneous                                                              $100.00


TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)            $4,265.00

(For Chapter 12 and 13 Debtors Only)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

      A.  Total projected monthly income                     $4,750.00
      B.  Total projected monthly expenses                 $4,265.00
      C.  Excess income (A minus B)                              485.00
      D.  Total amount to be paid into plan each            440.04
      (interval)

In re:  **ALLEN GEORGE,**                                    **Case No.  04-12425 MS**

       **Debtor.**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the foregoing summary and schedules consisting of 10 sheets, and that they are true and correct to the best of my knowledge, information and belief.


Dated:  February 9, 2004                    Signature: S/Allen George
                                                           Allen George, Debtor

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, the __ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the __ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Dated:                                    Signature:


Penalty for making a false statement of concealing property: Fine of up to $500,00 or imprisonment for up to 5 years or both.  18 U.S.C. §§152 and 3571.

Jerrold R. McDowell, Esq.
45 Essex Street
Hackensack, New Jersey 07601
201/646-1616
Attorney for Debtor

---

In re:  ALLEN GEORGE

               Debtor.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Case No.  04-12425 MS

**CHAPTER 13**

**STATEMENT OF FINANCIAL AFFAIRS**

---

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the space labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS
    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.
    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. Section 101(30).

---

— None  **1. Income from Employment or Operation of Business.**
    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE (if more than one) |
|---|---|---|
| 2004 | 3,000.00 | Employment, rent |
| 2003 | 35,000.00 | Employment, rent |
| 2002 | 22,000.00 | Employment, rent |

~~X~~ None  **2. Income Other than from Employment or Operation of Business.**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE (if more than one)

---

**3. Payments to Creditors.**

~~X~~ None  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME & ADDRESS OF CREDITOR                                    DATES OF PAYMENTS    AMOUNT PAID    STILL OWING

~~X~~ None  b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under Chapter 12 or 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME & ADDRESS OF CREDITOR and RELATIONSHIP TO DEBTOR        DATES OF PAYMENTS    AMOUNT PAID    STILL OWING

---

**4. Suits, Executions, Garnishments and Attachments.**

— None  a. List all suits to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under Chapter 12 or 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT and CASE NUMBER | NATURE OF PROCEEDING | COURT and LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Information Leasing vs. Allen George | Civil | Superior Court of New Jersey, Law Div., Bergen County | Dismissed |

---

~~X~~ None  b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME and Address OF PERONS FOR WHOSE          DATE OF SEIZURE      DESCRIPTION and
BENEFIT PROPERTY WAS SEIZED                                        VALUE OF PROPERTY

X None **5. Repossessions, Foreclosures, and Returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION and VALUE OF PROPERTY |
|---|---|---|

X None **6. Assignments and Receiverships.**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

X None b. List all property which has been in the hands of a custodian, receiver, or court appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF CUSTODIAN | NAME and LOCATION OF COURT, CASE TITLE and NUMBER | DATE OF ORDER | DESCRIPTION and VALUE OF PROPERTY |
|---|---|---|---|

X None **7. Gifts.**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 12 or 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION and VALUE OF GIFT |
|---|---|---|---|

X None **8. Losses.**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under Chapter 12 or 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION and VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES and, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

— None    **9. Payments Related to Debt Counseling or Bankruptcy.**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME and ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION and VALUE OF PROPERTY |
|---|---|---|
| Jerrold R. McDowell, Esq.<br>45 Essex Street<br>Hackensack, NJ 07601 | 1/26/04 | 190.00 |

X None    **10. Other Transfers.**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED and VALUE RECEIVED |
|---|---|---|

X None    **11. Closed Financial Accounts.**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under Chapter 12 or 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF INSTITUTION | TYPE and NUMBER OF ACCOUNT and AMOUNT OF FINAL BALANCE | AMOUNT and DATE OF SALE OR CLOSING |
|---|---|---|

X None    **12. Safe Deposit Boxes.**

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME and ADDRESS OF BANK OR OTHER DEPOSITORY | NAME and ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

X None **13. Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of debtor within **90 days** preceding the commencement of this case. (Married debtors filing under Chapter 12 or 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME and ADDRESS OF CREDITOR              DATE OF SETOFF              AMOUNT OF SETOFF

---

X None **14. Property Held for Another Person.**

List all property owned by another person that the debtor holds or controls.

NAME and ADDRESS OF OWNER         DESCRIPTION and VALUE OF PROPERTY         LOCATION OF PROPERTY

---

X None **15. Prior Address of Debtor.**

If the Debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                          NAME USED                          DATES OF OCCUPANCY

---

X None **16. Spouses and Former Spouses.**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor n the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environment Law.

X None a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit

**18. Nature, location and Name of Business.**

___ None. a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the **six years** immediately preceding the commencement of this case.

| Name | Taxpayer I.D. Number | Address | Nature of Business | Beginning and Ending Dates of Operations |
|---|---|---|---|---|
| G&B Construction | 22-3801842 | 74 Spring Lane Englewood, NJ | General Contractor | 2000 to date |
| Digital Jump Recording | | 74 Spring Lane Englewood, NJ | Recording Studio | 2001 to 2003 |

__X__ None.  b. Identify any business listed in response to subdivision a. above that is "single asset real estate" as defined in 11 U.S.C. §101.

| Name | Address |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, Records and Financial Statements.**
__X__ None. a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Date Services Rendered |
|---|---|

__X__ None. b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name | Address | Date Services Rendered |
|---|---|---|

____ None c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| Name | Address |
|---|---|

Debtor's

__X__ None. d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| Name and Address | Date Issued |
|---|---|

**20. Inventories.**
X None. a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Dollar Amount of Inventory (specify cost, market or other basis) |
|---|---|---|

X None. b. List the name and address of the person having possession of the records of each of the two inventories reported in a. above.

| Date of Inventory | Name and Address of Custodian of Inventory Records |
|---|---|

**21. Current Partners, Officers, Directors and Shareholders.**
X None. a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|---|---|---|

X None. b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|

**22. Former Partners, Officers, Directors and Shareholders.**
X None. a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| Name | Address | Date of Withdrawal |
|---|---|---|

X None. b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| Name and Address | Title | Date of Termination |
|---|---|---|

X None. **23. Withdrawals from a Partnership or Distributions by a Corporation.**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Name and Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money or Description and Value of Property |
|---|---|---|

X None. 24. **Tax Consolidation Group.**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six year** period immediately preceding the commencement of the case.

| Name of Parent Corporation | Taxpayer I.D. Number |
|---|---|

X  None. 25. **Pension Funds.**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six year** period immediately preceding the commencement of the case.

~~Name of Pension Fund~~                    ~~Taxpayer I.D. Number~~

---

**Unsworn Declaration under Penalty of Perjury**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Dated:  February 9, 2004                    S/Allen George
                                            Allen George, Debtor

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§152 and 3571.

**Jerrold R. McDowell, Esq.**
**45 Essex Street**
**Hackensack, New Jersey 07601**
**201/646-1616**
**Attorney for Debtor**

---

In re:  **ALLEN GEORGE**

      **Debtor.**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Case No.  04-12425 MS**

**CHAPTER 13**

**INDIVIDUAL DEBTOR'S STATEMENT OF
INTENTION**

---

1. I, the debtor, have filed a schedule of assets and liabilities, which includes consumer debts secured by property of the estate.
2. My intention with respect to the property of the state, which secures those consumer debts, is as follows:
   a. Property to be surrendered.

| Description of Property | Creditor's Name | H, W or J |
|---|---|---|

Not applicable.

    b. Property to be retained (specify reaffirmed, redeemed or exempt to state debtor's intention concerning reaffirmation,
       redemption or lien avoidance*.)

| Description of Property | Creditor's Name | Reaffirmed, Redeemed, Exempt |
|---|---|---|

Not applicable.

3. I understand that §521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the Court, or within such additional time as the Court, for cause, within such 45 day period fixes.

Dated:  February 9, 2004

        _S/Allen George_____
        Allen George, Debtor

* Reaffirmed - debt will be reaffirmed pursuant to §524(c)
  Redeemed - property is claimed as exempt and will be redeemed pursuant to §722
  Exempt - lien will be avoided pursuant to §522(f) and property will be claimed as exempt.

Jerrold R. McDowell, Esq.
45 Essex Street
Hackensack, New Jersey 07601
201/646-1616
Attorney for Debtor

In re:  ALLEN GEORGE

          Debtor.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Case No. 04-12425 MS**

**CHAPTER 13**

**CHAPTER 13 STATEMENT
pursuant to Rule 2016(b)**

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

(1)      The undersigned is the attorney for the debtor in this case.

(2)      The compensation paid or agreed to be paid by the debtor to the undersigned is:

      (a)      for legal services rendered or to be rendered in contemplation of and in connection with this case
              $2,000.00

      (b)      prior to filing this statement, debtor has paid
              0.00

      (c)      the unpaid balance due and payable is
              $2,000.00

(3)      $190.00 of the filing fee in this case has been paid.

(4)      The services rendered or to be rendered include the following:

      (a)      analysis of the financial situation, and rendering advice and assistance to the debtors in determining whether to file a petition under Title 11 of the United States Code.
      (b)      preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
      (c)      representation of the debtor at the meeting of creditors.
      (d)      attendance at confirmation hearing.
      (e)      if necessary, communicate with creditors to advise of bankruptcy filing.

(5)      The source of payments made by the debtor to the undersigned was wages earned from employment.

(6)      The undersigned has received no transfer, assignment or pledge of property.

(7)      The undersigned has not shared or agreed to share with any other person, other than with members of undersigned's law firm, any compensation paid or to be paid.

              Respectfully submitted,

              S/Jerrold R. McDowell
              Jerrold R. McDowell
              Attorney for Petitioner

Dated:  February 9, 2004

```
Allen, Denise & Akquerye, Robert
c/o Timothy Tuttle, Esq.
1295 Teaneck Road
Teaneck, NJ 07666

Internal Revenue Service
55 S. Springfield Avenue
P.O. Box 744
Springfield, NJ 07081-0744
```